1  ROB BONTA
   Attorney General of California
2  NORMAN D. MORRISON
   Supervising Deputy Attorney General
3  ASHLEY REYES
   Deputy Attorney General
4  State Bar No. 312120
    2550 Mariposa Mall, Room 5090
5   Fresno, CA  93721-2271
    Telephone: (559) 705-2312
6   Fax: (559) 445-5106
    E-mail:  Ashley.Reyes@doj.ca.gov
7  *Attorneys for Defendants, State of California, acting*
   *by and through the California Highway Patrol, and*
8  *Officer Adam Carrasco*

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11  **KHALIQ MCCRACKEN,**                    Case No. 1:25-cv-00165-CDB

12                            **Plaintiff,**  **DEFENDANTS' REPLY TO**
                                              **PLAINTIFF'S OPPOSITION TO**
13              **v.**                        **MOTION TO DISMISS COMPLAINT**

14  **COUNTY OF INYO; CALIFORNIA**           Date:      April 15, 2025
    **HIGHWAY PATROL; DEPUTY JOHN**          Time:      10:30 a.m.
15  **BARTLETT (#651); CORPORAL**            Dept:      200
    **JOSEPH KAPTURKIEWICZ (#658);**         Judge:     The Honorable Christopher D.
16  **OFFICER ADAM CARRASCO; and**                      Baker
    **DOES 1 through 10 inclusive,**
17                                           Trial Date:  Not yet set.
                            **Defendants.**   Action Filed: February 7, 2025
18

19          Defendants, State of California, acting by and through the California Highway Patrol (CHP)

20  and Officer Adam Carrasco (State Defendants), submit the following reply to Plaintiff's untimely

21  Opposition to their Motion to Dismiss.

22  **I.    INTRODUCTION**

23          In his untimely opposition to the Motion to Dismiss, Plaintiff Khaliq McCracken (Plaintiff)

24  relies on conclusory allegations unsupported by facts alleged in the FAC in attempt to overcome

25  State Defendants' motion to dismiss. Plaintiff's opposition fails to establish that he has alleged

26  facts demonstrating a Fourteenth Amendment violation, a violation of the Bane Act (Cal. Civ.

27  ///

28  ///

                                              1

Code §52.1), or a violation of the Ralph Act (Cal.Civ. Code §51.7)[1].  For these reasons, as well as those identified in State Defendant's motion to dismiss, the motion to dismiss should be granted.

## II.    ARGUMENT

### A.    Plaintiff's Opposition is Untimely

On March 6, 2025, Defendants, State of California, acting by and through the California Highway Patrol, and Officer Ada, Carrasco (State Defendants), filed their Motion to Dismiss Plaintiff's Complaint. Pursuant to Eastern District Local Rule 230(c), any opposition by Plaintiff to the motion was due on or before March 20, 2025, fourteen (14) days after the filing of this motion. Prior to and during this period, Plaintiff made no attempt to contact defense counsel to obtain a stipulation or agreement for an extension of time, did not communicate with Defense counsel to identify any issues with preparing his opposition, and did not attempt to seek any relief from the Court. Plaintiff filed his opposition five days late, on March 25, 2025. Plaintiff did not seek relief or an order from the Court permitting the late filing before or after he filed it. Due to this late and unexcused filing of his opposition, the State Defendants' have been forced to now file a tardy reply. Accordingly, Plaintiff's should not be heard in opposition to the motion at oral argument. USDC, Eastern Dist., Local Rule 230(c).

### B.    The Complaint Fails to Allege Sufficient Facts Against Officer Carrasco to Support a Fourteenth Amendment Violation

Courts have consistently held that section 1983 claims based on Equal Protection violations must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *See De La Cruz v. Tormey,* 582 F.2d 45, 58 (9th Cir.1978). It has also been established that "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). *See also, Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff argues that the Complaint contains facts which present a "scenario of racially motivated law enforcement action."

---

[1] Plaintiff has conceded dismissal of his state-law claims against CHP.

1   Opposition, at pg. 5. However, Plaintiff's facts do not sufficiently allege a Fourteenth

2   Amendment Equal Protection violation. See *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th

3   Cir. 2011).

4        Plaintiff contends Officer Carrasco used the speeding citation as a "pretext to conduct an

5   unwarranted and intrusive investigation" Opposition at 4. He further claims that "[v]iewed against

6   the backdrop of a black male driver and white female passenger, Officer's Carrasco's actions

7   actions—demanding baseless drug admissions, conducting an unwarranted detention after issuing

8   the citation, and facilitating an invasive K9 search without consent or probable cause—strongly

9   suggest that racial profiling was the sole motivation for the stop." Opposition at pg. 5. However,

10  the Complaint lacks facts that provide any sort of inference of <u>discriminatory intent</u> by any

11  governmental agent.  "The central inquiry in an Equal Protection Clause claim is whether a

12  government action was motivated by a discriminatory purpose." *Ballou v. McElvain*, 29 F.4th

13  413, 426 (9th Cir. 2022). " 'Discriminatory purpose' ... implies more than intent as volition or

14  intent as awareness of consequences. It implies that the decision maker ... selected or reaffirmed a

15  particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects

16  upon an identifiable group." *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

17  Essentially, Plaintiff argues that Officer Carrasco's actions were racially motivated and can be

18  inferred solely through the alleged prolonged detention and unlawful search of his vehicle.

19  Although these allegations may support a claim for an unreasonable search and/or seizure, they

20  do not support a claim for a violation under the Equal Protection Clause of the Fourteenth

21  Amendment.

22        For these reasons, as well as those addressed in State Defendants' moving papers, the

23  Motion to Dismiss should be granted.

24  ///

25  ///

26  ///

27

28

**C.    The Complaint Fails to Allege Facts Sufficient to Support a Violation of the Bane Act**

Plaintiff has similarly failed to plead sufficient facts to state a claim against the State Defendants for the alleged violations of the Bane Act. Plaintiff claims that the Complaint alleges that Officer Carrasco "acted with specific intent to coerce and intimidate by: (1) demanding drug admissions without factual basis; (2) conducting an invasive vehicle search after issuing a citation; (3) deploying a K9 despite no indication of contraband; and (4) deliberately extending the traffic stop beyond its legitimate purpose." Opposition, at pg. 7. However, the only facts alleged in Plaintiff's Bane Act claim in the Complaint are that the Defendants, collectively, violated Plaintiff's constitutional and statutory rights through the use of intimidation and coercion through the repeated demand that he admit to possessing drugs, when there was no factual basis for such an accusation. Complaint, ¶¶117-118.[2] Furthermore, despite Plaintiff's assertion otherwise, his Complaint does not identify what constitutional and/or statutory right Officer Carrasco has violated as part of the Bane Act.

Again, Plaintiff must allege that the officer had a *specific intent* to violate his rights at the time of the incident. *Cornell v. City & Cnty of San Francisco*, 17 Cal.App. 5th 766, 801 (2017). He has failed to do so here. A mere allegation that a governmental officer acted with reckless disregard, such as Plaintiff does here, lacks the specific facts required to survive a motion to dismiss. Plaintiff's conclusory statements fail to state a claim for the Bane Act against the State Defendants and should be dismissed.

**D.    The Complaint Fails to Allege Facts Sufficient to Support a Violation of the Ralph Act**

The Ralph Act requires "violence, or intimidation by threat of violence." Cal. Civ. Code § 51.7(a). There is no requirement that the violence be extreme or motivated by hate. *Winarto v. Toshiba Am. Elecs. Components, Inc.,* 274 F.3d 1276, 1289 (9th Cir.2001). Yet, "the plain meaning of the word 'violence,' " however, "clearly involves some physical, destructive act."

---

[2] The remaining allegations contained in Plaintiff's Bane Act Claim in the Complaint relate specifically to Defendant Kapturkiewicz.

1    *OSJ PEP Tenn. LLC v. Harris,* No. CV 14–03741 DDP MANX, 2014 WL 4988070, at *5

2    (C.D.Cal. Oct. 7, 2014) (interpreting the word "violence" in the Bane Act context).

3         Plaintiff claims that he has sufficiently pled a violation of the Ralph Act since the element

4    of threatened violent acts against Plaintiff includes destructive acts against property. Opposition,

5    at pg. 8. According to Plaintiff, Officer Carrasco's alleged invasive search of his vehicle without

6    consent or probable cause, constitutes a direct violation and intrusion into Plaintiff's personal

7    property. *Id.*, at pgs., 8-9. Yet, the Complaint does not allege that the search of Plaintiff's vehicle

8    resulted in any actual damage, either temporary or permanent, to his vehicle or belongings.

9    Additionally, Plaintiff has failed to provide any authority establishing that the search of a vehicle

10   constitutes a destructive act against one's property for purposes of the Ralph Act. Notably

11        Because none of the allegations contained within the Complaint rise to the level to state a

12   valid claim under the Ralph Act, Plaintiff's twelfth cause of action should be dismissed.

13   **III.   CONCLUSION**

14        For the foregoing reasons, as well as those set forth in State Defendant's motion to dismiss,

15   State Defendants respectfully request that the Court dismiss Plaintiff's Fourth, Seventh, Eleventh

16   and Twelfth Causes of Action against them.

17   Dated:  March 28, 2025                    Respectfully submitted,

18                                             ROB BONTA
                                               Attorney General of California
19                                             NORMAN D. MORRISON
                                               Supervising Deputy Attorney General
20

21                                             */s/ Ashley Reyes*

22                                             ASHLEY REYES
                                               Deputy Attorney General
23                                             *Attorneys for Defendants, State of California,*
                                               *acting by and through the California*
24                                             *Highway Patrol, and Officer Adam Carrasco*

25   FR2025301124
     95618762.docx
26

27

28

# CERTIFICATE OF SERVICE

Case Name:    **McCracken, Khaliq v. County**        No.    **1:25-cv-00165-CDB**
**of Inyo, et al.**

I hereby certify that on <u>March 28, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 28, 2025,</u> at Fresno, California.

| C. Vue | */s/ C. Vue* |
|--------|--------------|
| Declarant | Signature |

FR2025301124
95618745.docx